UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 5:14-cr-51 |
| | ) | |
| v. | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| MICHAEL STEVEN BEEMAN, | ) | |
|     Defendant. | ) | By:   Joel C. Hoppe |
| | ) |         United States Magistrate Judge |

This case was referred to the undersigned magistrate judge for the purpose of conducting a felony guilty plea hearing. This report and recommendation is submitted to the presiding district judge pursuant to 28 U.S.C. § 636(b)(3). The defendant waived the right to plead before a United States District Judge and consented to proceed before the undersigned magistrate judge.

On October 6, 2015, the defendant appeared with counsel before the magistrate judge, who personally addressed the defendant in open court and admonished the defendant pursuant to Rule 11(b)(1)(A)–(O) of the Federal Rules of Criminal Procedure. The Court also admonished the defendant that because the charges involved sex offenses, the terms of supervised release likely will impose substantial future restrictions on him, including where he may reside or work and with whom he may associate. Discussing the district judge's role of determining a sentence, the Court explained to the defendant that the sentencing range under the Sentencing Guidelines, which are not binding, would not be determined until a presentence report is written and a sentencing hearing held, that the district judge had the authority to impose a sentence more or less severe than called for in the guidelines, and that the sentence the defendant receives may be different than any estimate given by his attorney. The Court also admonished the defendant that if the district judge does not accept a recommendation set forth in the plea agreement, the

1

defendant will still be bound by his plea and will have no right to withdraw it. The defendant stated that he understood the Court's admonishments.

The attorney for the government stated the essential terms of the plea agreement, which has been filed with the Court, and the defendant and his counsel agreed that those in fact were the terms of the agreement. The defendant further stated that he had read the plea agreement and understood it. Accordingly, the undersigned finds that the defendant understands the charges to which he is pleading guilty and that his plea was knowingly made. Fed. R. Crim. P. 11(b)(1).

The Court also addressed the defendant personally as to his competency to plead and the voluntariness of his plea, specifically whether it resulted from force, threats, or promises other than promises in a plea agreement or in open court. Fed. R. Crim. P. 11(b)(2). Based on this discussion, the undersigned finds that the defendant is sufficiently competent to enter a plea, that he desired to plead guilty, and that his plea was voluntary.

The government presented a statement of facts, which has been filed with the Court, regarding the offense to which the defendant pleaded guilty. The defendant testified that he read and discussed the statement of facts with his attorney, agreed that the statement of facts was accurate, and did not contest those facts. In response to the Court's questions about the statement of facts, the government proffered additional facts, which the defendant agreed were accurate. The statement of facts and the government's additional proffer present the following facts:

While living in Florida in the 1980s, the defendant engaged in sexually explicit conduct, including sex acts, with a minor. He recorded video images of this conduct. The defendant moved residences a number of times for work. In January 2010, he moved from New Jersey to Virginia, and during that move, he transported the video of his sex acts with a minor. At some time, the defendant transferred the video from VHS to a high 8 tape. On January 14, 2014, law

enforcement officers searched the defendant's residence in Winchester, Virginia. They discovered over 50 electronic devices, including the high 8 tape, a zip disk, external hard drives, and a laptop computer, that together contained thousands of images of child pornography. Some of these images are described in the statement of facts. In a statement to law enforcement, the defendant admitted to recording his sexually explicit conduct with a minor and to downloading child pornography from the internet onto a laptop computer. Several of the images depicted prepubescent minors engaged in sex acts. The Defendant possessed at least four different "materials" that contained images of child pornography.

The undersigned finds that these facts provide a sufficient basis for the defendant's guilty plea to the charges of transportation of child pornography, possession of child pornography, and possession of child pornography depicting minors under the age of 12. Fed. R. Crim. P. 11(b)(3).

The defendant pleaded guilty to the offenses of transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1) and (b)(2), as alleged in Count One of the Superseding Information and possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), as alleged in Count Five of the Superseding Indictment. He also pleaded guilty to three separate counts of possession of child pornography depicting a minor who had not attained 12 years of age, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), as alleged in Counts Two through Four of the Superseding Indictment.

The magistrate judge finds the following:

1. The defendant's guilty plea was taken by the undersigned subject to the acceptance of the plea and sentencing by the assigned district judge and after the defendant consulted with an attorney and executed oral and written waivers;

2. The defendant fully understands the nature of the charges and relevant penalties;

3. The defendant fully understands the terms of the plea agreement;

4. The defendant understands the defendant's constitutional and statutory rights and wishes to waive those rights;

5. The defendant's guilty plea was freely and voluntarily tendered;

6. The defendant is sufficiently competent to enter a guilty plea; and

7. An adequate factual basis exists to support this plea.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the District Judge accept the plea of guilty and, after reviewing the pre-sentence investigation report, accept the plea agreement, and enter a final judgment finding the defendant guilty.

## RELEASE OR DETENTION PENDING SENTENCING

After entry of the plea, the undersigned conducted proceedings to determine the defendant's custody status pursuant to the standard set forth in 18 U.S.C. § 3143(a). Based on the following, the undersigned finds that clear and convincing evidence does not exist that the defendant is not likely to flee or pose a danger to the community if released:

The defendant has been held in pretrial detention and did not request release.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

ENTER: October 6, 2015

Joel C. Hoppe
United States Magistrate Judge